IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARY BRUCE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 5:20-cv-928 |
| | § | |
| OLDE ENGLAND'S LION & ROSE RIM, | § | |
| LLC. D/B/A THE LION & ROSE BRITISH | § | |
| RESTAURANT AND PUB, AND ALLEN | § | |
| THARP, | § | |
| | | |
| Defendants. | | |

---

## PLAINTIFF GARY BRUCE'S ORIGINAL COMPLAINT AND JURY DEMAND

---

### Introduction

1.      This is an action for retaliation under the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act (EPSLA), and by extension, the Fair Labor Standards Act (FLSA).  Plaintiff Gary Bruce was formerly employed by Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose as a general manager at Defendant's restaurant/bar located at 17627 La Cantera Pkwy, #103, San Antonio, Texas 78257.  Plaintiff experienced COVID-19 symptoms after co-workers tested positive for the virus, and thereafter underwent testing and was subject to quarantine while he awaited test results.  Upon his return to work, Plaintiff learned that Defendants were refusing to pay him in accordance with the EPSLA.  Plaintiff complained to Defendant Tharp about not being paid EPSLA sick pay, which angered Defendant Tharp.  Defendants discharged Plaintiff shortly thereafter for pretextual reasons.  Plaintiff now brings this action for damages.

1

## Parties

2.      Plaintiff Gary Bruce is an individual residing at 726 Point Sunset, San Antonio, Texas 78253.  He may be served with papers in this case through the undersigned counsel.

3.      Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose is a limited liability company organized under the laws of the State of Texas.  Defendant Olde England's Lion & Rose Rim, LLC maintains its principal place of business at 16109 University Oak, San Antonio, Texas 78249.  It may be served through its registered agent, Allen Tharp, at 16109 University Oak, San Antonio, Texas 78249.

4.      Defendant Allen Tharp is the owner, manager, and operator of Defendant Olde England's Lion & Rose Rim, LLC.  Under applicable laws, he is jointly and severally liable with Defendant Olde England's Lion & Rose Rim, LLC for the violations complained of in this lawsuit.  Defendant Allen Tharp may be served at 16109 University Oak, San Antonio, Texas 78249, or wherever he may be found.

## Jurisdiction and Venue

5.      The Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claim under a federal statute, the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act, and which incorporates by reference portions of the Fair Labor Standards Act.  The Court has personal jurisdiction over Defendants, as Defendant The Lion & Rose is organized under the laws of the State of Texas and it operates its restaurant/bar in Texas.  Defendant Allen Tharp is a citizen of Texas.  Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

**Cause of Action:  Retaliatory Discharge in Violation of FFCRA**

6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.      Defendant Tharp operates a restaurant/bar known as the "The Lion & Rose" at The Rim shopping center in San Antonio, Texas.  Defendant is an employer within the meaning of the FFCRA and the EPSLA.  Defendant The Lion & Rose is owned, operated, and managed by Defendant Tharp.

8.      Plaintiff was employed by Defendants as a general manager at Defendant's restaurant/bar located at The Rim in San Antonio, Texas.  Plaintiff reported directly to Defendant Tharp.

9.      On or about July 8, 2020, Plaintiff starting experiencing COVID 19 symptoms, including a high fever.  Because Plaintiff had had close contact with two co-workers who had been diagnosed with COVID 19, Plaintiff was concerned that he may too have contracted the virus.  Plaintiff went for testing that same day and was quarantined for ten days while he awaited his results.  Plaintiff received a medical excuse, which he forwarded via text to Defendant Tharp with an explanation that he had a high temperature, was not feeling well, and had to quarantine for 7 to 10 days.  Plaintiff was concerned that Defendant Tharp would have an unfavorable reaction to the news of Plaintiff's possible infection, as Defendant Tharp had previously reacted with great animosity when he learned that two bartenders had tested positive.  Indeed, in a conversation with Plaintiff and another manager, Jacob, Defendant Tharp had accused the two co-workers of lying about their diagnoses to get the 4th of July weekend off.

10.     Plaintiff was eventually cleared to return to work after he was diagnosed with an ear infection, and not COVID 19.  After returning to work and receiving his paycheck, Plaintiff was discouraged to see that Defendants did not pay him the sick pay that he was entitled to under

the EPSLA. Plaintiff resolved to broach the issue with Defendant Tharp. Sadly, Defendant Tharp reacted with animus when Plaintiff questioned why he had not been paid the EPSLA sick pay. Defendant Tharp's response was, "I don't have to pay you. I will pay you when you work." Plaintiff responded, "By law, you have to pay me." Defendant Tharp became visibly angry and walked off. The issue was not resolved.

11.     However, just days later, on July 26, 2020, citing pretextual reasons, Defendant Tharp discharged Plaintiff from employment. Plaintiff avers that he was actually discharged in retaliation for having taken FFCRA-qualifying leave and for having requested FFCRA sick pay for his absences.

12.     Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act; and has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act. An employer who willfully violates Section 5104 shall be considered to be in violation of section 15(a)(3) of the FLSA and is subject to.

13.     As a result of his illegal discharge from employment, Plaintiff has lost wages and benefits for which he now sues. Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation. Finally, because Plaintiff has been forced to retain legal counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

**Jury Demand**

14.     Plaintiff demands a trial by jury

4

## Conclusion and Prayer

15.     Plaintiff prays that, upon final judgment, he be awarded the following from Defendants, jointly and severally:

a.  Lost wages and benefits;

b.  Liquidated damages;

c.  Compensatory damages for emotional distress, mental anguish, humiliation, and damage to reputation;

d.  Attorney fees;

e.  Costs of court;

f.  Post-judgment interest; and

g.  All other relief to which he is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
GARY BRUCE